Michael H. Steinberg (SBN 134179)
steinbergm@sullcrom.com
**SULLIVAN & CROMWELL LLP**
1888 Century Park East, Suite 2100
Los Angeles, California  90067-1725
Telephone:   (310) 712-6600
Facsimile:    (310) 712-8800

Sverker K. Hogberg (SBN 244640)
hogbergs@sullcrom.com
**SULLIVAN & CROMWELL LLP**
1870 Embarcadero Road
Palo Alto, California 94303
Telephone:   (650) 461-5600
Facsimile:    (650) 461-5700

*Attorneys for Defendant FCA US LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUSTIN FAUST and STEPHANIE FAUST, as individuals; ERIC LEITZKE, an individual; ERNESTO FREGOZO, an individual; ETHAN LARRABEE, an individual; EVELIO MONDRAGON, an individual; GARRETT KORTUEM, an individual; GARY A. HOLLAND and DEBORAH A. HOLLAND, as individuals; GEORGE TOLSON, an individual; GLENN SMALL, an individual; GREGG BUSCHMANN and SHAWNA BUSCHMANN, as individuals; GREGORY BARR and MARLENE BARR, as individuals; GREGORY S. BROWN, an individual; HARALD MANN, an individual; HERBERT BUMPERS, an individual; HERIBERTO FERNANDEZ, an individual; HOWARD LONG, an individual; ISMAEL MUNOZ, an individual; JACQUELINE SANTELICES, an individual; JACQUIE BOWERMAN, JR. and TINA BOWERMAN, JR., as individuals; JAIME LEPE, an individual; JAMES B. KOX, an individual; JAMES CLEMMONS, an individual; JAMES JUSTICE, an individual; JAMES KELLY | Case No.<br><br>**NOTICE OF REMOVAL BY DEFENDANT FCA US LLC PURSUANT TO 28 U.S.C. §§ 1332(a), 1441 AND 1446** |

| | |
|---|---|
| 1 | CASHMAN, an individual; JAMES L. HAWKINS and SUZANNE M. HAWKINS, as individuals; JAMES LAWSON, an individual; JARUDD PROSSER, an individual; JEFF MCKENNA, an individual; JEFF STUART, an individual; JEFFREY BUBENCHIK, an individual; JEFFREY CHIANTARETTO, an individual; JEFFREY MCINNES and JENNIFER MCINNES, as individuals; JEFFREY SIBAYAN, an individual; JENNIFER WHITE, an individual; JERELL CRYER and ASHLEY CRYER, as individuals; JERRY CONTRERAS, an individual; JERRY K. WALKER, an individual; JESSE BAXTER, an individual; JESSE MEDRANO and KINDRA MEDRANO, as individuals; JESUS BOLANOS, an individual; JESUS CASTILLO, an individual; JESUS F. GONZALEZ, an individual; JESUS GUADARRAMA, an individual; JOE HENDRICKS, an individual; JOEL MEJIA, an individual; JOHN C. FRANTZ [2], an individual; JOHN C. FRANTZ [1], an individual; JOHN DUBOIS, JR., an individual; JOHN DUBOIS, SR., an individual; JOHN GEORGE and CAROL GEORGE, as individuals; JOHN JOHNSON, an individual; JOHN MARSHALL, an individual; JOHN PAUL DILLER, an individual; JONATHAN MCKEE, an individual; JOSEPH BETTENCOURT, an individual; JOSEPH ELLIOTT and NICHOLE ELLIOTT, as individuals; JOSEPH RADEMACHER, an individual; JOSEPH SHARP, an individual; JOSH STUBER, an individual; JULIA B. SCHERER, an individual; JUSTIN SMITH and KRYSTAL SMITH, as individuals; JUVENTINO BERNAL-CARO, an individual; KARL FREEMAN, an individual; KATHLEEN THICKE and BRENNAN THICKE, as individuals, |
| | Plaintiffs, |
| | v. |
| | FCA US LLC; and DOES 1 through 10, inclusive, |
| | Defendants. |

SULLIVAN & CROMWELL LLP

719709898

NOTICE OF REMOVAL; CASE NO.

PLEASE TAKE NOTICE that Defendant FCA US LLC ("FCA"), through its undersigned counsel, hereby removes this action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California. This removal is made pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446. The grounds for removal are as follows:

## STATEMENT OF JURISDICTION

1. This is a civil action for which this Court has original jurisdiction under 28 U.S.C. § 1332(a) and is one that may be removed to this Court pursuant to 28 U.S.C. § 1441 and for the reasons below.

## THE REMOVED ACTION

2. This civil action was filed on May 3, 2019 in the Superior Court of the State of California, County of Los Angeles, a court located within this District, under Case Number 19STCV15536.

3. FCA was served with the Summons and Complaint on or about May 6, 2019. (*See* Ex. A.). FCA did not answer the Complaint in Los Angeles County Superior Court prior to removal. FCA is not aware of any further proceedings regarding this action in that court. This Notice of Removal is accompanied by the following documents:

- All executed process in this case (Ex. A);
- All pleadings asserting causes of action (*i.e.*, the Complaint) (Ex. B);
- Proof of Service on FCA (Ex. C); and
- The docket sheet (Ex. D).

4. Other than the documents attached as Exhibits, no pleadings, process, orders or other documents in the Los Angeles County Superior Court have been served or otherwise received by FCA or, to FCA's knowledge, are presently on file in the state court. If such filings come to FCA's attention, FCA will immediately file copies in this Court.

5.    The Complaint asserts claims on behalf of individual Plaintiffs related to Plaintiffs' purchases or leases of 2014-2016 Ram 1500 and Jeep Grand Cherokee diesel vehicles (the "Vehicles"). (Compl. ¶¶ 1-2.) The Complaint is based on allegations concerning widely publicized Notices of Violation, dated January 12, 2017 (the "NOVs"), issued by the U.S. Environmental Protection Agency (the "EPA") and the California Air Resources Board ("CARB"). The NOVs alleged that certain Auxiliary Emissions Control Devices ("AECDs") were present in the Vehicles and had not been disclosed to the EPA and CARB as part of the vehicle certification process. (*See* Compl. ¶ 3 ("FCA concealed emission treatment software features in the Subject Vehicle engine's diesel controls on applications for EPA Certificates of Conformity ("COCs") and California Air Resources Board ("CARB") Executive Orders ("EOs")."); *id*. ¶ 8 (alleging that "FCA secretly programmed its EcoDiesel® vehicles with hidden software features that significantly reduced the effectiveness of the NOx reduction technology during real-world driving conditions"); *id*. ¶ 9 (alleging that "FCA could not achieve the fuel economy and performance that it promises for the Subject Vehicles without cheating on emissions").

6.    The Judicial Panel on Multidistrict Litigation has consolidated over 40 cases making similar claims to the instant action in a multi-district litigation ("MDL") in the United States District Court for the Northern District of California, *In re: Chrysler-Dodge-Jeep EcoDiesel Marketing, Sales Practices, and Products Liability Litigation,* Case No. 3:15-md-02777-EMC (N.D. Cal.) (Chen, J.). Following removal, FCA intends to "tag" this case to the MDL in the Northern District of California for coordinated pre-trial proceedings.

## PROCEDURAL ISSUES

7.    Removal is timely under 28 U.S.C. § 1446(b). FCA was served with the Summons and Complaint on or about May 6, 2019. (*See* Ex. A.) This

notice of removal is being filed within 30 days after service of the Summons and Complaint on FCA.

8. Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division where the state court case was pending. The Superior Court of the State of California for the County of Los Angeles is located within the Central District of California.

## JURISDICTION IS PROPER UNDER § 1332(a)

9. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), which grants federal district courts original jurisdiction of all civil actions where (1) the action is between citizens of different states or citizens of a state and an alien, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. As set forth below, this action satisfies both requirements.

### *Complete Diversity of Citizenship*

10. Section 1332(a) requires complete diversity of citizenship, which is established when "each defendant is a citizen of a different State from each plaintiff." *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 373 (1978).

11. Plaintiffs allege that they are residents of—and, on information and belief, they are citizens of— Arizona, California, Nevada and Texas. (*See* Compl. ¶¶ 20-82.)

12. "For purposes of diversity jurisdiction, a limited liability corporation is a citizen of all states where its members are citizens." *Moore* v. *CVS Health Corp.*, 2017 WL 2999021, at *3 (C.D. Cal. July 14, 2017); *accord Johnson* v. *Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). FCA's sole member is FCA North America Holdings LLC ("FCA North America"), another limited liability company. (*See* FCA 2017 Annual Report at 252 (Ex. E)).

13. FCA North America's sole member is Fiat Chrysler Automobiles, N.V. ("FCA N.V."), a corporation organized under the laws of the

Netherlands with its principal place of business in the United Kingdom.  (*See id.*)

14. Under 28 U.S.C. § 1332 (c)(1), a foreign corporation is deemed a citizen of the foreign state where it is incorporated and where it has its principal place of business.  Thus, FCA N.V. is a citizen of the Netherlands and the United Kingdom.

15. FCA North America is also a citizen of the Netherlands and the United Kingdom, as its citizenship is determined by that of its sole member, FCA N.V.  FCA is thus a citizen of the Netherlands and the United Kingdom, as it shares the citizenship of its sole member, FCA North America.  *See also Lee* v. *FCA US, LLC*, 2016 WL 11516754, at *3 (C.D. Cal. Nov. 7, 2016) ("Defendant FCA US, LLC has only one member, FCA North America Holding[s] LLC, and FCA North America Holding[s] LLC also has only one member, Fiat Chrysler Automobiles, N.V. . . .  Given this corporate structure, Defendant FCA US LLC's citizenship is the citizenship of Fiat Chrysler.").

16. The Court should disregard Defendants sued under the fictitious names "DOES 1 through 10" for purposes of determining whether complete diversity exists.  *See* 28 U.S.C. § 1441(b) ("[T]he citizenship of defendants sued under fictitious names shall be disregarded.").

17. Because Plaintiffs are citizens of Arizona, California, Illinois, and Texas, and FCA is a citizen of the Netherlands and the United Kingdom, there is complete diversity of citizenship in this action as required by Section 1332(a).

***Amount In Controversy Exceeds $75,000***

18. Section 1332(a) also requires that the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs."

19. The manufacturer's suggested retail price ("MSRP") of the Vehicles was more than $40,000 (*see, e.g.*, Compl. ¶ 178), and Plaintiffs have requested "actual damages," "restitution," "a civil penalty in the amount of two times each Plaintiffs actual damages," "consequential and incidental damages,"

"costs of the suit and each Plaintiff's reasonable attorneys' fees," "any remedies pursuant to the to the Song-Beverly Act, the California Uniform Commercial Code and/or any other remedy that the Court deems proper," "prejudgment interest," and "punitive damages," and "such other relief as the Court may deem proper." (Compl. at 154-55.) Given Plaintiffs' requests for "restitution" and "a civil penalty in the amount of two times each [Plaintiffs'] actual damages," those allegations alone are enough to put the amount in controversy in excess of $75,000.

20. Further, in cases premised on the same warranty laws at issue in this action, courts have held that requests for attorneys' fees are included in the calculation for determining the amount in controversy. *See*, *e.g.*, *Anyanwu* v. *Jaguar Land Rover N. Am., LLC*, 2015 WL 3644004, at *3 (C.D. Cal. June 8, 2015) (finding damages determined under Song-Beverly Act met the amount in controversy requirement in part because warranty law allowed for attorneys' fees); *Brady* v. *Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010 (N.D. Cal. 2002) (finding that cases under Song-Beverly Act may involve "fee awards . . . of over $60,000" in holding that the amount in controversy was met); *see also Fritsch* v. *Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("[I]f the law entitles the plaintiff to future attorneys' fees if the action succeeds, then there is no question that future attorneys' fees are at stake in the litigation.") (internal quotation marks and brackets omitted); *Rile* v. *STRS Ohio CA Real Estate Inv. 1 LLC*, 2010 WL 1838965, at *1, *3 (N.D. Cal. May 3, 2010) (finding the amount in controversy met where plaintiffs sought $11,000 in damages and defendants "reasonably anticipate thousands of dollars in attorneys' fees").

21. Based on Plaintiffs' requests for "actual damages," "restitution," "a civil penalty in the amount of two times each Plaintiffs actual damages," "consequential and incidental damages," "any remedies pursuant to the to the Song-Beverly Act, the California Uniform Commercial Code and/or any other remedy that the Court deems proper," "punitive damages," and attorneys'

fees, the amount in controversy exceeds the jurisdictional minimum of $75,000, vesting this Court with jurisdiction under 28 U.S.C. § 1332(a). *See, e.g.*, *Dart Cherokee Basin Operating Co.* v. *Owens*, 135 S. Ct. 547, 554 (2014) (notice of removal "need include only a plausible allegation that the amount in controversy exceeds the [$75,000] jurisdictional threshold"); *Lewis* v. *Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability."); *see also BMW of N. Am., Inc.* v. *Gore*, 517 U.S. 559, 581 (1996) (describing previously-approved punitive damages awards four and ten times greater than compensatory damages).[1]

## NOTICE TO ADVERSE PARTY AND STATE COURT

22. Pursuant to 28 U.S.C. § 1446(d), FCA is serving written notification of the removal of this case on Plaintiffs' counsel (identified below):

> Michael D. Resnick
> **Consumer Legal Remedies, APC**
> 153 ½ North Arnaz Drive
> Beverly Hills, CA 90211

23. Pursuant to 28 U.S.C. § 1446(d), FCA promptly will file a Notification of Removal, attaching a copy of this Notice of Removal, with the Clerk of the Superior Court, Los Angeles County.

## CONCLUSION

Pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446, FCA hereby removes this action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.

---

[1] In making its good faith calculations of the amount in controversy, FCA does not concede or admit, in any fashion, that any claims for such amount, or any amounts, have legal or factual merit, and reserves all rights and defenses to such claims.

| | |
|---|---|
| Dated: May 15, 2019 | |
| | */s/ Michael H. Steinberg* |
| | Michael H. Steinberg (SBN 134179) |
| | steinbergm@sullcrom.com |
| | **SULLIVAN & CROMWELL LLP** |
| | 1888 Century Park East, Suite 2100 |
| | Los Angeles, California 90067-1725 |
| | Tel.: (310) 712-6600 |
| | Fax: (310) 712-8800 |
| | |
| | Sverker K. Hogberg (SBN 244640) |
| | hogbergs@sullcrom.com |
| | **SULLIVAN & CROMWELL LLP** |
| | 1870 Embarcadero Road |
| | Palo Alto, California 94303 |
| | Tel.: (650) 461-5600 |
| | Fax: (650) 461-5700 |
| | |
| | *Attorneys for Defendant* |
| | *FCA US LLC* |

# **CERTIFICATE OF SERVICE**

I, Jodi L. Carr, declare:

I am employed in the County of Santa Clara, State of California. I am over the age of 18 and not a party to the within action; my business address is Sullivan & Cromwell, LLP, 1870 Embarcadero Road, Palo Alto, California 94303.

On May 15, 2019, I served a copy of the following document(s):

**NOTICE OF REMOVAL BY DEFENDANT FCA US LLC PURSUANT TO 28 U.S.C. §§ 1332(a), 1441 AND 1446**

on the interested parties in this action by placing a copy of this document in an envelope addressed as follows:

> Michael D. Resnick
> Neil Gieleghem
> **Consumer Legal Remedies, APC**
> 153 1/2 North Arnaz Drive
> Beverly Hills, CA 90211

**[X]   BY OVERNIGHT DELIVERY:**   I deposited the document(s) described above in a sealed envelope, with delivery fees paid, designated for overnight delivery and caused such envelope to be transmitted to an overnight delivery service for delivery by the next business day in the ordinary course of business.

**[X]   (Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction service was made.

Executed on May 15, 2019, at Palo Alto, California.

*/s/ Jodi L. Carr*
Jodi L. Carr